## The City of New Orleans Praying for the Opening of Philip and other Streets.

In proceedings for the opening of streets, under the Act of 3d of April, 1832, the city of New Orleans is not barred, by the 6th section of said Act, from appealing from the judgment of the District Court affirming the report of the Commissioners of Assessment after the lapse of two calendar months from the date of the Judgment.

An appeal will not be dismissed on the ground that it was rendered on motion of appel" ¬t, when it appears that it was rendered on motion of one who acted as attorney for the appellant and appellee.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*Labatt* and *Eustis* for the city of New Orleans, appellant. *J. C. Egan* and *T. S. McCay*, for *Walker*, &c.

VOORHIES, J. (SLIDELL, C. J., declined sitting.) The petition in this case sets forth, that the Common Council of the city of New Orleans has passed resolutions declaring its intention to open Philip street from St. Patrick to Claiborne streets, and the streets running perpendicularly to and parallel with the

ORLEANS PRAYING river to Claiborne street, in the Fourth District, according to a certain plan in
FOR OPENING
OF PHILIP ST. the Surveyor's office; and that, after due and legal advertisements, no opposi-
tion having been made, the Mayor has been authorized to take the necessary
legal steps to carry into effect said intention. The petition concludes with a
prayer for the appointment of three discreet and disinterested persons as com-
missioners of estimate and assessment, as prescribed by the Act of the 3d of
April, 1832. J. A. Watkins, J. F. Rüb and William T. Gillmore being ap-
pointed as such, filed a report on the 14th of October, 1854, setting forth,
among other things, that they had employed Hugh Grant, a civil engineer, to
make a careful and accurate survey of all the streets proposed to be opened,
together with a plan of the district in whi.h the same were embraced, in accor-
dance with the resolutions of the Common Council of the city of New Orleans,
which survey was made and a plan of the same annexed to their report. This
report, showing that the lands and improvements taken for that purpose were
separately estimated and assessed, was confirmed by separate judgments
signed on the 24th November, 1854. On the 26th of January, 1855, the city
of New Orleans took an appeal from these judgments.

On the 26th and 27th of February, 1855, ru'es were taken in the court be-
low upon the Mayor of the city of New Orleans by J. F. Rüb, James D. Gill-
more, Wm. T. Gillmore, Hugh Grant and F. Walker, subrogee of J. A. Wat-
kins, to show cause why the appeals thus granted should not be set aside on
the following grounds: 1st. Because said appeals were not taken within the de-
lay allowed by law; 2d. Because the judgment was rendered by the court
upon the motion and at the instance of the said city of New Orleans; and 3d.
Because no one has been authorized by the Common Council to take an appeal.
The Judge à quo discharged the rules thus taken and maintained the appeals.

Several of the appellees have filed motions in this court for the dismissal of
the appeal. The Commissioners, William T. Gillmore, J. F. Rüb and J. A.
Watkins' transferree, and the Surveyor, Hugh Grant, claim the dismissal on the
following grounds: 1st. Because the appeal was not taken in time to suspend
execution; and 2d. Because the judgments appealed from were rendered upon
the motion of the city of New Orleans. The two last named appellees also
claim it on the ground of the absence of any prayer in the petition of appeal
to have them cited, and that no service of the petitition of appeal or citation
has been made upon either of them. This ground is untenable; for the record
shows that a copy of the petition and citation was duly served upon both of
them. In the report, the compensation of the three Commissioners is fixed at
$9,900, that of the Surveyor, Hugh Grant, at $1,320, and that of the attorney
at $2,200. The petition praying for the opening of those streets was signed by
Thomas R. Wolfe, Esq., as City Attorney; and the repott was confirmed on
the motion of J. Livingston, Esq., as attorney for the city and Commissioners.
The latter is also made a party appellee in this case, the appellant being repre-
sented by Messrs. Labatt and Eustis.

The 3d section of the Act of the 3d of April, 1832, on which the proceed-
ings in this case are based, after prescribing the mode in which the assessment
of the property taken for the opening and improvement of streets shall be made,
provides, that any person whose rights are affected by the report of the Com-
missioners, may, within ten days, file his opposition in writing to the assess-
ment. After certain proceedings on such opposition, the Act provides that the
report made and confirmed by the court " shall be final and conclusive as well

upon the Mayor and City Council of·New·Orleans, as upon all persons and parties interested in the lots, lands and premises mentioned in said report, &c." The 6th section provides, "that said Mayor and City Council shall, within two calender months after the confirmation of the report, pay to the respective persons mentioned in said report, in whose favor any sum or sums of money shall be estimated and reported, the respective sums reported in their favor, and in case of neglect or default, such person, after application made to said Mayor and City Council for payment thereof, may sue for and recover the same with six per cent. interest, &c."

Whether the Commissioners had any legal authority to pass upon their own claim, or that of others, for services rendered to the appellant or not, is a question which we are not now called upon to determine. We do not think that this section of the statute can be construed to mean that the right of appeal, even in relation to the claims adverted to, is barred by the delay of two calendar months. This delay is clearly applicable to the payment of the sums assessed by the Commissioners, giving to the creditors, after its expiration, the right to proceed by suit against the city. We are clear that the second ground on which the appellees rely for the dismissal of the appeals, is equally untenable. The report of the Commissioners, as we have seen, was confirmed by the court below, "on motion of *J. Livingston, Esq.*, attorney for the city and the Commissioners." Under these circumstances, it is obvious that the judgments appealed from cannot be considered as having been confessed by the appellant.

It is therefore ordered and decreed that the motion of the appellees for the dismissal of the appeal in this case, be overruled.

Mr. Chief Justice SLIDELL not sitting in this case.